IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

            Plaintiff,

v.

CONCEPCION SANTILLAN,

            Defendant.

OPINION and ORDER

20-cv-172-jdp

---

    Plaintiff Damien Green, appearing pro se, is a prisoner at Wisconsin Secure Program Facility (WSPF). Green alleges that a doctor botched his foot surgery resulting in him suffering severe pain and numbness, but the doctor will not order him medical shoes or nerve pain medication.

    Because Green did not submit a filing fee along with his complaint, I infer that he wishes to proceed with the case in forma pauperis. But he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

    There are two preliminary problems with the complaint that I must address before addressing his claims further. The first is that not all of his claims meet the imminent-danger requirement of 28 U.S.C. § 1915(g). To meet this requirement, a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). The standard required to meet the

"imminent danger" threshold is fairly low. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury."). Green alleges that the defendant doctor botched his January 2020 surgery and later refused to order him accommodations for his painful condition. Green's medical malpractice claim regarding the doctor's botched surgery is about past harm done to him, so he cannot proceed with that claim in forma pauperis; instead, he would have to prepay the entire $400 filing fee to move forward with that claim. I'll give him a short time to submit that fee.

Green's claim that the doctor won't accommodate his current pain and numbness does meet the imminent-danger standard. But regardless of the imminent-danger question, the second problem with the complaint is that Green may have misidentified the defendant for his claims. Green names Dr. Concepcion Santillan as the only defendant, but from his allegations it is unclear whether Santillan is actually the doctor who performed his surgery or later refused to order him accommodations for his painful condition. Some of Green's allegations refer to a Dr. Sullivan as being responsible for failing to provide him with accommodations for his pain, and an exhibit from Green's other recent case about his foot problems states that Dr. Sullivan made the decision about medical shoes following his surgery. *See* Dkt. 47-4 in case no. 19-cv-690-jdp. Also, Green refers to the defendant doctor by male pronouns throughout his complaint and calls him a "foot doctor," while publicly available records show that Santillan is a woman and is a neurologist.[1]

---

[1] See https://www.sharecare.com/doctor/dr-concepcion-santillan (last visited July 15, 2020).

I'll give Green a short time to provide a supplement to his complaint in which he explains whether he means to name Santillan, Sullivan, or anyone else as defendants concerning the surgery and the later denial of accommodations for his pain and numbness. Green should also explain what each named defendant did to violate his rights. Once I receive his supplement I will finish screening his claims. I will also consider whether to consolidate this case with his '690 case.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Green may have until August 6, 2020, to submit the entire $400 file fee for this lawsuit if he wishes to pursue his non-imminent-danger claims.

2. Plaintiff may have until August 6, 2020, to submit a supplement to his complaint to address the problems with the identity of the defendant, as discussed above.

Entered July 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge